UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOLANDA STEVENSON,

Plaintiff,

-against-

COUNTY OF ROCKLAND, ROCKLAND COUNTY OFFICE OF BUILDINGS AND CODES, EDWARD T. MARKUNAS, EDWARD LONGO, SHERIFF OF ROCKLAND COUNTY, MYLA SMITH, LEAH FAYE ALONZO, VICTOR ALONZO, and RAMAPO TOWERS OWNERS CORP.,

Defendants.

**ORDER**

26-CV-10142 (PMH)

PHILIP M. HALPERN, United States District Judge:

Yolanda Stevenson ("Plaintiff") commenced this action on November 18, 2026, alleging claims against the County of Rockland, Rockland County Office of Buildings and Codes, Edward T. Markunas, Edward Longo, Sheriff of Rockland County, Myla Smith, Leah Faye Alonzo, Victor Alonzo, and Ramapo Towers Owners Corp. (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments. (Doc. 1, "Compl."). Plaintiff, contemporaneous with the filing of the Complaint, filed an emergency motion for a temporary restraining order, seeking a stay of the Sheriff's eviction scheduled for November 19, 2026. (Doc. 5). For the reasons that follow, the motion for a temporary restraining order is DENIED.

It is well-established in this Circuit that the standard for entry of a temporary restraining order is the same as for a preliminary injunction. *Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020). "A preliminary injunction 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007). Where, as here, a

preliminary injunction will affect government action taken in the public interest pursuant to a statute or regulatory scheme, the moving party must demonstrate "(1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits, and (3) public interest weighing in favor of granting the injunction." *Keil v. City of New York*, 2022 WL 619694, at *1 (2d Cir. Mar. 3, 2022).

Plaintiff contends that she has demonstrated a clear likelihood of success on the merits of her Fourteenth Amendment procedural due process claim based upon the "warrantless October 30, 2026 municipal padlocking of her home without prior notice or hearing" and First Amendment retaliation claim based upon the "Sheriff's warrant delivered four days after an October 22, 2026 Order to Remedy to evade monetary repairs and transfer the unit to co-heir Leah Faye Alonzo." (Doc. 5 at 1).

According to the documents Plaintiff annexed to her Complaint, Plaintiff has already requested this identical relief in a proposed order to show cause submitted in an eviction proceeding in the Justice Court of the Town of Ramapo, County of Rockland. (Doc. 1 at 4-5). Therein Plaintiff sought a stay of the November 19, 2026 eviction. (*Id.*). Town Justice Silva declined to sign the order to show cause, explaining that the issues raised by Plaintiff were previously litigated in a trial held in 2023, Plaintiff's appeals of that proceeding were dismissed, and the court previously rejected two orders to show cause filed by Plaintiff because the issues had already been litigated. (*Id.* at 5; *see also* Doc. 5 at 18 (warrant of eviction signed by Judge Silva on October 8, 2026)).

The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Second Circuit, in *Hoblock v. Albany Co. Board of Elections*, 422 F.3d 77 (2d Cir. 2005), set forth four requirements for the application of the doctrine: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state-court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and 4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock*, 422 F.3d at 85. This standard must be applied on a claim-by-claim basis. *See Dorce v. City of New York*, 2 F.4th 82, 103 (2d Cir. 2021).

The first and fourth requirements are considered the "procedural" factors. With respect to the first factor, based upon Plaintiff's submissions, it appears that she lost in state court. Specifically, trial was held on November 2, 2023, her appeal of the trial court's findings was dismissed, then after the appeal was reopened it was dismissed again and that decision was later reaffirmed by the Appellate Term. (Doc. 1 at 5). A Warrant of Eviction was issued on October 8, 2026, noting the award of judgment and possession granted to Myla Smith following a summary proceeding against Plaintiff, and providing for execution of the Warrant of Eviction fourteen days after the date upon which the Sheriff notifies Plaintiff of said execution. (Doc. 5 at 18). As Plaintiff filed the instant action requesting relief that flies directly in the face of this directive, namely, to restrain the Sheriff and all Defendants from executing the Warrant of Eviction (*see* Doc. 1 at 3), there is simply no question that Plaintiff lost in state court. As regards the fourth requirement, this action was commenced on November 18, 2026, after the 2023 trial, the 2025 decisions of the Appellate Term, the 2026 decisions of the Appellate Term, and the October 8, 2026 warrant of eviction. (*See* Doc. 1 at 5; Doc. 5 at 18). Accordingly, this federal action is brought after the state

court judgment was rendered. *See, e.g.*, *Lomnicki v. Cardinal McCloskey Servs.*, 2007 WL 2176059, at *6 (S.D.N.Y. July 26, 2007); *see also T.M. v. Univ. of Md. Med. Sys. Corp.*, 608 U.S. 668, 672, at *3 (2026) (holding that the *Rooker-Feldman* doctrine applies even "when the state-court judgment at issue is subject to further review in state appellate proceedings").

With respect to the substantive *Rooker-Feldman* requirements, the second requirement that the Plaintiff must complain of injuries caused by the state-court judgment is considered the "core requirement" of the doctrine. *See Sung Cho v. City of New York*, 910 F.3d 639, 646 (2d Cir. 2018). The Court must "focus . . . narrowly on the 'causal relationship between the state-court judgment and the injury of which the party complains in federal court.'" *Amelio v. Quicken Loans, Inc.*, 2026 WL 1876070, at *2 n.2 (2d Cir. June 30, 2026) (quoting *Hunter v. McMahon*, 75 F.4th 62, 72 (2d Cir. 2023)). The gravamen of this action is Plaintiff's complaints that the warrant of eviction was retaliatory and procured in violation of her due process rights. Specifically, Plaintiff presses two claims, both of which effectively require the Court to reverse and vacate the decisions of the trial court and Appellate Term: (1) 42 U.S.C. § 1983 Fourteenth Amendment procedural due process, and (2) 42 U.S.C. § 1983 First Amendment retaliation. (Doc. 1 at 3). Plaintiff alleges that she did not receive pre-deprivation notice or opportunity to be heard prior to dispossession, and that the execution of the warrant of eviction is punishment for her municipal code and fire-safety complaints. (*Id.*). The relief requested for both claims is restraining Defendants from executing the warrant of eviction, removing the padlock or compelling code remediation, and awarding damages. (*Id.*).

The fact that Plaintiff is pressing new, allegedly, "independent" constitutional claims under 42 U.S.C. 1983 does not change the injury about which she complains. The injury – her dispossession – were caused by the orders of the trial court and Appellate Term. This case is

precisely the type of "federal suit [ ] that purport[s] to complain of injury by individuals [but] in reality complain[s] of injury by state-court judgment[ ]." *Hoblock,* 422 F.3d at 88. Plaintiff's attempt to dress up her injuries as being caused only by Defendants fails, as Defendants are complying with the court's orders and Warrant of Eviction. Thus, Plaintiff improperly seeks to have the "state-court judgment voided paradigmatically" showing that the "relevant injury is the state-court judgment itself." *See Amelio*, 2026 WL 1876070, at *3.

With respect to the third requirement of the *Rooker-Feldman* doctrine, which requires the Court to assess whether Plaintiff invites district court review and rejection of a state-court judgment, the Court first turns to paragraph 1 of the Complaint, which reads, "Plaintiff does not seek appellate review of any prior 2023 state court judgment, but strictly seeks prospective injunctive relief enjoining ongoing unconstitutional state action, warrantless lockout, and retaliatory municipal enforcement occurring between October 2026 and November 19, 2026." (Doc. 1 at 1). However, and despite Plaintiff's assertions otherwise, Plaintiff is in actuality, requesting the Court reverse, vacate, or set aside a state court judgment by prohibiting Defendants from executing the court-ordered Warrant of Eviction. (*Id.* at 3). The Second Circuit has set forth the following formula, to "guide" this Court's inquiry as to the third requirement, as follows: "a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it. Where a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear." *Hoblock*, 422 F.3d at 88.

The Warrant of Eviction "produced" Defendants' "actions" of padlocking the apartment and taking steps to execute the Warrant. Thus, granting the relief Plaintiff seeks in this case would effectively reverse the trial court's rulings, Appellate Term's decisions, and trial court's Warrant of Eviction. It is essentially an attack on the judgment dressed in new clothes. This relief, therefore, requests that the Court improperly step into an appellate role, one expressly reserved for the Supreme Court. Based on the above, the substantive second and third requirements are met.

Under these circumstances, all four requirements of the *Rooker-Feldman* doctrine are met as to both of Plaintiff's claims. Plaintiff therefore cannot establish a likelihood of success on the merits, which is fatal to her requested injunction.

Accordingly, the motion for a temporary restraining order is DENIED.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 5).

**SO ORDERED:**

Dated: White Plains, New York
November 19, 2026

PHILIP M. HALPERN
United States District Judge